UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME JACKSON DENNY, JR.,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RALPH M. DIAZ,[1]<br><br>　　　　Respondent. | No. 2:13-cv-0489 TLN AC P<br><br><br>FINDINGS AND RECOMMENDATION |

　　　　Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal habeas petition was filed on February 24, 2013.[2] Pending before the court is respondent's motion to dismiss the petition on the ground that it was filed after the statute of limitations expired. ECF No. 17. Petitioner opposed the motion on July 22, 2013, ECF No. 18, and respondent filed a reply on August 2, 2013, ECF No. 20. Petitioner also filed what the court will deem a supplemental opposition on August 14, 2013. ECF No. 21. For the reasons discussed below, the undersigned recommends granting the motion.

---

[1] Respondent Ralph M. Diaz is substituted for Connie Gipson pursuant to Rule 25(d) of the Federal Rules of Civil Procedure since Warden Diaz is the current Warden of the California Substance Abuse Treatment Facility where petitioner is housed.

[2] All filing dates referenced herein are based on the use of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1

I.   Procedural History

Petitioner challenges his 2005 convictions for two counts of child molestation. ECF No. 1. He was convicted following a jury trial in the Sacramento Superior Court and sentenced to 30 years to life. Id. at 2. On May 18, 2007 the California Supreme Court denied his petition for review. See Lodged Doc. No. 4. Many years later, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. See Lodged Doc. No. 5. The California Supreme Court denied the habeas petition on December 19, 2012. See Lodged Doc. No. 6.

II.  Statute of Limitations

Section 2244(d) (1) of Title 28 of the United States Code contains a one year statute of limitations for filing a habeas petition in federal court. The one year clock commences from several alternative triggering dates which are defined as "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).

The parties agree that petitioner's conviction became final on August 14, 2007 following the expiration of time to seek certiorari review by the United States Supreme Court. See 28 U.S.C. § 2244(d)(1)(A). Therefore, the statute of limitations commenced the next day and expired one year later on August 14, 2008. See Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001) (using the anniversary date method for calculating the statute of limitations). The instant federal habeas corpus petition filed on February 14, 2013 was thus filed four and a half years late, absent any statutory or equitable tolling.

A.   Statutory Tolling

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules

governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct state appeal becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

In the instant case, petitioner did not file a state habeas corpus petition until October 4, 2012. See Lodged Doc. No. 5 (California Supreme Court habeas corpus petition). By that time, the federal statute of limitations had already expired. A state habeas corpus petition filed after the expiration of the statute of limitations does not revive it. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, as respondent points out, petitioner is not entitled to any statutory tolling while his state habeas corpus petition was pending in the California Supreme Court. His federal petition remains untimely unless petitioner is entitled to equitable tolling.

B.   Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 560 U.S. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

1.   Pro Se Status/Lack of Education

In his opposition, petitioner cites the legal standard for equitable tolling and then states that he "is proceeding in pro se and has little education concerning how to file or put together any type of legal documentation…." ECF No. 18 at 1. However, this is not a recognized basis for equitable tolling as the Ninth Circuit explained in Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Id. Therefore, the undersigned recommends denying petitioner equitable tolling on this ground.

3

2. <u>Mental Impairment</u>

Petitioner also requests equitable tolling based on his mental disability and "mental incompetence [which] made it impossible for him to file any documentation concerning his federal habeas corpus" petition on time. ECF No. 18 at 2. The only information that petitioner provides describing his condition is the fact that he is a participant in the Correctional Clinical Case Management System ("CCCMS") and is a Coleman Remedial Member. <u>See</u> ECF Nos. 1 at 45, No. 18 at 1-2. Petitioner indicates that his mental impairment came up many times during trial proceedings. ECF No. 21 at 1. However, he does not reference any specific dates or findings that were made concerning his mental status.

In <u>Bills v. Clark</u>, 628 F.3d at 1093, the Ninth Circuit concluded that "equitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." Here, petitioner fails to meet either prong of this standard. Nowhere in his opposition or the habeas petition itself does petitioner identify any specific mental condition from which he suffers. Assignment to the CCCMS level of care, without more, does not support equitable tolling because it "suggests that petitioner was able to function despite his mental problems." <u>Henderson v. Allison</u>, 2012 WL 3292010 at *9 (E.D. Cal. Aug. 13, 2012). Absent any evidence describing the specific mental condition or the specific timeframe in which it affected his mental status, this court is unable to find an extraordinary circumstance justifying equitable tolling. <u>See</u> <u>Bills</u>, 628 F.3d at 1101 (emphasizing that petitioner has the burden of demonstrating that he was in fact mentally impaired); <u>Stancle v. Clay</u>, 692 F.3d 948 (9th Cir. 2012) (affirming the district court's denial of equitable tolling where petitioner was functioning at a second grade level).

Nor has petitioner established the need for an evidentiary hearing in support of his equitable tolling claim. A hearing is only appropriate where petitioner's specific allegations regarding mental incompetence would, if proven, support equitable tolling. <u>Laws v. Lamarque</u>, 351 F.3d 919, 924 (9th Cir. 2003). That is not the case here.

4

For these reasons, the undersigned recommends denying equitable tolling due to petitioner's alleged mental impairment.

### 3. Actual Innocence

The "actual innocence" exception applies to the AEDPA's statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013); Lee v. Lampert, 653 F.3d 929, 934 (9th Cir. 2011) (en banc). "[A] credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits." Lee, 653 F.3d at 932. To pass through the Schlup gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence...." Schlup v. Delo, 513 U.S. 298, 327 (1995).[3] Schlup additionally requires a petitioner "to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Lee, 653 F.3d at 938 (quoting Schlup, 513 U.S. at 324).

Petitioner's vague and passing reference to the lack of "any real solid proof like DNA… [or] medical and/or physical evidence" to support his conviction, see ECF No. 18 at 2, falls far short of satisfying this requirement. A challenge to the sufficiency of the prosecutor's evidence at trial is not a showing of actual innocence. See Schlup, 513 U.S. at 330 (explaining the difference between the Jackson v. Virginia, 443 U.S. 307 (1979), standard governing sufficiency challenges and the actual innocence standard); Bousley v. United States, 523 U.S. 614, 623 (1998) (stating that "'actual innocence' means factual innocence, not mere legal insufficiency."). Petitioner points to no new evidence that would meet Schlup's exacting standard of actual innocence. See Lee, 653 F.3d at 937-38. For this reason, the undersigned recommends denying equitable tolling based on actual innocence.

////

---

[3] Schlup v. Delo, 513 U.S. 298 (1995), held that a showing of actual innocence could excuse a procedural default and permit a federal habeas court to reach the merits of otherwise barred claims for post-conviction relief.

5

4. <u>Miscellaneous</u>

To the extent that petitioner argues that the federal statute of limitations should not apply because there is no specific deadline for filing a state habeas petition in California, <u>see</u> ECF No. 21 at 2, that argument is foreclosed by <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) . In <u>Ferguson</u>, the Ninth Circuit held that "AEDPA's one-year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy" so as to violate the Suspension Clause.  The fact that California state law provides no specific statute of limitations does not change the fact that Congress has set a one year statute of limitations on the filing of federal habeas corpus petitions.  <u>See</u> 28 U.S.C. § 2244(d)(1).  Therefore, the instant habeas petition remains barred by the statute of limitations.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000) (<u>quoting</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file

////

////

////

6

1   objections within the specified time may waive the right to appeal the District Court's order.

2   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: January 9, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE