UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME JACKSON DENNY, JR., | No. 2:13-cv-0489 TLN AC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER JUDGMENT** |
| C. GIPSON, | |
| Defendant. | |

This matter is before the Court pursuant to Plaintiff Jerome Jackson Denny, Jr.'s ("Plaintiff") Second Motion to Reconsider (ECF No. 28). Plaintiff, proceeding pro se, commenced this action on February 26, 2013, by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)

Petitioner challenges his 2005 convictions for two counts of child molestation. (ECF No. 1.) He was convicted following a jury trial in the Sacramento Superior Court and sentenced to 30 years to life. (ECF No. 1.) On May 18, 2007 the California Supreme Court denied his petition for review. (*See* Lodged Doc. No. 4.) Many years later, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (*See* Lodged Doc. No. 5.) The California Supreme Court denied the habeas petition on December 19, 2012. (*See* Lodged Doc. No. 6.)

On March 7, 2014, this Court adopted the Findings and Recommendations of Magistrate Judge Allison Claire (See ECF No. 22), determining that Petitioner's petition for habeas corpus

relief was barred pursuant to the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations for habeas relief.  (*See* Order, ECF No. 24.)  Consequently, this case was closed.  (*See* Judgment, ECF No. 25.)  On March 25, 2014, Petitioner filed his First Motion for Reconsideration.  (*See* Mot. Recon, ECF No. 26.)  On April 4, 2014, this Court denied Plaintiff's motion.  (*See* Order, ECF No. 27.)   Plaintiff subsequently filed another motion to reconsider (ECF No. 28) which is now before this Court.

     A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).  "A court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)). However, Rule 59(e) permits a district court to reconsider and amend a previous order. "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"  *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James William Moore, et al., Moore's Federal Practice § 59.30(4) (3d ed. 2000)). Therefore, a district court should not grant a motion for reconsideration "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Disagreement with a district court's ruling on a motion for summary judgment will not support a motion to alter or amend the judgment.  *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002); Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 20-C.

     "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an "intervening change in controlling law."

*Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations omitted). Moreover, Local Rule 230(j) requires a party filing a motion for reconsideration to show that "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions for relief from judgment pursuant to Rule 59(e) are addressed to the sound discretion of the district court. *Exp. Grp. v. Reef Indus., Inc.*, 54 F.3d 1466, 1469 (9th Cir. 1995).

In the case at issue, Plaintiff's motion fails to meet any of the elements set forth above, instead re-visiting the same fruitless grounds that have been previously and properly considered and adjudicated. Plaintiff cites no newly discovered evidence or intervening change in controlling law and makes no showing that the court has "committed clear error or the initial decision was manifestly unjust." *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). As such, Plaintiff's Second Motion to Reconsider (ECF No. 28.) is hereby DENIED.

IT IS SO ORDERED.

Dated: May 9, 2014

Troy L. Nunley
United States District Judge

3